UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS ALBERTO GUTIERREZ,

        Petitioner,                        Case No. 1:14-cv-226

v.                                           Honorable Robert J. Jonker

CATHLEEN STODDARD,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations. Therefore, I recommend that the petition be denied and that Petitioner's motion to stay be denied as moot.

**Discussion**

I. Factual Allegations

Petitioner, who is represented by counsel in this action, was convicted in the Kent County Circuit Court of first-degree criminal sexual conduct (person under 13 years old), MICH. COMP. LAWS § 750.520(b)(1)(a). On November 4, 2009, the trial court sentenced Petitioner as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to imprisonment of 25 to 40 years. The Michigan Court of Appeals affirmed Petitioner's conviction in a *per curiam* opinion issued on August 2, 2011. The Michigan Supreme Court summarily denied Petitioner's application for leave to appeal on April 4, 2012. Petitioner moved for reconsideration, which was denied on June 25, 2012.

Over a year later, on July 3, 2013, Petitioner filed a motion for new trial in the Kent County Circuit Court. On October 3, 2013, the trial court denied the motion as untimely. (*See* 10/3/13 Kent County Circuit Court Order, docket #1-1, Ex. C, Page ID#74-75.)

On March 7, 2014, Petitioner filed the instant habeas corpus petition (docket #1) and a motion to stay the proceedings (docket #2). Petitioner raises the following grounds for relief:

I. THE MICHIGAN COURT OF APPEALS VIOLATED [PETITIONER'S] RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN IT FAILED TO OVERTURN HIS CONVICTION WHERE THE JURY OBSERVED HIM BEING ESCORTED TO AND FROM THE COURTROOM BY TWO DEPUTIES AND WHEN A DEPUTY SAT NEXT TO HIM WHILE HE TESTIFIED.

II. THE MICHIGAN COURT OF APPEALS IMPROPERLY APPLIED FEDERAL LAW IN FINDING THAT TRIAL COUNSEL RENDERED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO INTERVIEW AND INVESTIGATE SEVERAL WITNESSES FAVORABLE TO THE DEFENSE.

III. [PETITIONER] WAS DENIED A FAIR TRIAL AND DUE PROCESS WHERE THE PROSECUTOR ASSUMED FACTS NOT IN EVIDENCE

AND PERSONALLY ATTACKED [PETITIONER] BY ASKING HIM
WHO TAUGHT HIM HOW TO LOOK AT THE JURY.

(Pet., docket #1, Page ID#6.)

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court

denied his application for leave to appeal on April 4, 2012. Petitioner's direct appeal concluded when the Michigan Supreme Court denied reconsideration on June 25, 2012. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (direct review concluded when Michigan Supreme Court denied reconsideration). Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 23, 2012. Petitioner had one year, until September 23, 2013, in which to file his petition. The instant petition was filed on March 7, 2014, more than five months after the statute of limitations expired.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8. Although Petitioner filed a motion for new trial while the one-year limitations period was running, the motion was not "properly filed" because the

trial court denied it as untimely.[1] *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that an untimely application for post-conviction relief in state court is not "properly filed" for purposes of statutory tolling). And this Court may not second guess the state court's application of its own law. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state.") Consequently, the statute of limitations was not tolled by the filing of Petitioner's motion for new trial.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner argues in his petition and supporting brief that he is entitled to equitable tolling of the statute of limitations. He maintains that he diligently pursued his claims by filing his

---

[1] The trial court noted that it could have considered Petitioner's motion as a motion for relief from judgment under Mich. Ct. R 6.500 et seq., but Petitioner expressly stated on the cover page of his motion that it should not be considered as a motion for relief from judgment.

motion for new trial in the state court and could have timely filed his habeas petition if the trial court had not waited three months to inform him that his motion for new trial was untimely. However, Petitioner waited over a year after his conviction became final before he filed his motion for new trial. The trial court cannot be faulted for a three-month delay in denying a motion that was improper under the court rules. The trial court stated that it would have construed the motion as a timely motion for relief from judgment if Petitioner had not explicitly stated that the motion should not be construed as such. Moreover, Petitioner waited another five months after the trial court denied his motion for new trial before he filed his habeas petition. Under the circumstances, I cannot find that Petitioner pursued his rights diligently or that some extraordinary circumstance stood in his way. Consequently, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner suggests that he is actually innocent, but he proffers no new evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III. Motion to Stay

Petitioner moves to stay these proceedings (docket #2) in order to exhaust new claims in the state courts. Petitioner's unexhausted claims include several alleged instances of ineffective assistance of trial counsel. Because the petition should be dismissed as untimely, Petitioner's motion to stay should be DENIED as moot.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that Petitioner's

motion to stay these proceedings (docket #2) be denied as moot.  I also recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  April 11, 2014         /s/ Hugh W. Brenneman, Jr.
                               HUGH W. BRENNEMAN, JR.
                               United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).