UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS ALBERTO GUTTIERREZ,

       Petitioner,

                                  CASE NO. 1:14-CV-226

v.

                                  HON. ROBERT J. JONKER

CATHLEEN STODDARD,

       Respondent.

_____/

**<u>OPINION AND ORDER APPROVING AND ADOPTING</u>**
**<u>REPORT AND RECOMMENDATION</u>**

       The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 4) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (docket # 5). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Court finds the Magistrate Judge's Report and Recommendation (docket # 4) is factually sound and legally correct.

The Magistrate Judge recommends denying Petitioner's habeas petition as barred by the one-year statute of limitations. In his Objections, Petitioner reiterates and expands arguments he made earlier concerning the timeliness of his habeas petition. The Report and Recommendation already carefully, thoroughly, and accurately addresses each of those arguments. Petitioner objects further that the Magistrate Judge overlooked evidence of actual innocence that excuses Petitioner from the procedural bar of the statute of limitations. Petitioner points to affidavits attached to his Petition from individuals Petitioner says could have impeached testimony at trial from the victim and her mother. This is not enough to meet the demanding standard of *Schlup v. Delo*, 513 U.S. 298 (1995). To make a showing of actual innocence under *Schlup*, Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggen v. Perkins*, 133 S.Ct. 124, 1931-32 (2013). The affidavits do not amount to such evidence. Petitioner's habeas petition is untimely and must be denied, for precisely the reasons the Magistrate Judge describes.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901–02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required

showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 4) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED** as barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order to Stay (docket # 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

      /s/Robert J. Jonker
      ROBERT J. JONKER
      UNITED STATES DISTRICT JUDGE

Dated: August 18, 2014